UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA<br><br>                    Plaintiff,<br><br>v.<br><br>DANIEL JAVIER<br><br>                    Defendant. | Case No.:  18cr4609-LAB and 21cv173-LAB<br><br>**ORDER CLARIFYING SCOPE OF WAIVER; AND**<br><br>**ORDER DENYING LEAVE FOR DEFENDANT'S COUNSEL TO FILE AFFIDAVIT UNDER SEAL** |
|---|---|

After pleading guilty to conspiracy to distribute methamphetamine and being sentenced to 180 months' imprisonment, Defendant Daniel Javier filed a petition pursuant to 28 U.S.C. § 2255, seeking to have his sentence vacated on the basis of ineffective assistance of counsel.

Javier has accused his attorney, Thomas Sims, of grossly neglecting his defense, and coaching him to lie to or mislead Magistrate Judge Karen Crawford. The Court ordered Sims to file an affidavit responding to Javier's accusations against him.  (Docket no. 140.) The Court specifically found that, by leveling these accusations against Sims, Javier had waived the attorney-client privilege and that Sims was relieved of any confidentiality obligations. (*Id.* at 2:17–21 (citing *Bittaker*

1 | *v. Woodford*, 331 F.3d 715, 718–19 (9th Cir. 2003).) As authorized under Rule 7(b)
2 | of the Rules Governing Section 2255 Proceedings, the Court then ordered Sims
3 | to address Javier's contentions at pages 22–23 of the § 2255 motion. Specifically,
4 | the Court required him to answer four enumerated questions. (*Id.* 2:25–3:11.)

Sims has now filed two *ex parte* motions. He asks the Court to make a finding that the attorney-client privilege has been impliedly waived with respect to the matters he has been ordered to address. (Docket no. 142.) He also asks for leave to file his affidavit under seal. (Docket no. 143.)

**Waiver**

The Court earlier made the express finding that the attorney-client privilege had been waived, and that Sims was relieved of any ethical obligations to keep attorney-client communications confidential. As *Bittaker* made clear, this applies to <u>all</u> communications between Javier and Sims:

> It has long been the rule in federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to <u>all communications</u> with his allegedly ineffective lawyer.

331 F.3d at 716 (emphasis added). The Court construes Sims' first motion as a request to clarify the scope of the waiver. So construed, the motion is **GRANTED.**

Even if the Court had not expressly made this finding, Javier's filing of his § 2255 petition constituted an automatic waiver. "The defendant impliedly waives his attorney-client privilege <u>the moment he files a habeas petition</u> alleging ineffective assistance of counsel." *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012) (emphasis added). The waiver extends to **all** communications between Javier and Sims. *Bittaker*, 331 F.3d at 716.

Furthermore, by intentionally discussing formerly privileged and confidential communications publicly, Javier has waived both the privilege and any expectation of confidentiality as to these communications and all other communications on the same subject. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010)

(citing *United States v. Nobles*, 422 U.S. 225, 239–40 (1975); *Weil v. Inv./Indicators, Research & Mgmt.*, 647 F.2d 18, 24 (9th Cir. 1981).) For this reason as well, anything Javier raised or mentioned as part of his ineffective assistance of counsel claim is no longer privileged or confidential.

Javier's accusations against Sims are incredibly broad, and embrace the entire time period of the representation. The accusations begin at his first meeting with Sims and conclude with Sims' failure to bring a direct appeal. They cover the arraignment, the plea agreement and change of plea hearing, the pre-sentence report and other preparations for sentencing, and all meetings between them throughout the entire time period. Javier's discussion of what they discussed as well as what Sims allegedly refused to discuss or consider, encompasses the entire representation. All attorney-client privilege and any obligation of confidentiality are waived with regard to the entire representation, through and including sentencing and the decision not to file a direct appeal.

In a situation like this, it is understandable that defense counsel may feel some professional or ethical obligation to minimize disclosures. However, counsel owe a duty of candor to the tribunal. Sims <u>must</u> respond fully and candidly as ordered by the Court.

**Motion to Seal**

In an extremely brief motion, Sims asks that he be allowed to file his entire affidavit under seal. He explains only that "there are elements to the handling of the case which should not be disclosed to the public," and that disclosure "could have a very negative impact as to the safety and well-being" of Javier. Sims does not point to any potential harm to himself or invoke any privilege of his own as a basis for requesting sealing.

There is a presumption of public access to court documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This applies fully to dispositive pleadings, and the party seeking to seal a judicial record bears the burden of

overcoming this strong presumption by meeting the "compelling reasons" standard. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). *See also United States v. Ballard*, 2013 WL 3146799, at *8 (E.D. Cal., June 18, 2013) (applying "compelling reasons" standard to motion to seal documents in support of § 2255 petition). The "compelling reasons" must be supported by specific factual findings, and any decision to seal must articulate the factual basis for the ruling, without relying on conjecture. *Kamakana*, 447 F.3d at 1178–79. Furthermore, any sealing must be narrowly tailored. *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–79 (9th Cir. 2010).

The motion's generalized references to unspecified aspects of the representation and possible harm to Javier are far too vague to meet the "compelling reasons" standard. And even supposing the standard were met with regard to some parts of Sims' response, there is no reason to believe that redaction of the sensitive information would not suffice and that the entire affidavit needs to be sealed. The motion is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: February 17, 2021

*[signature]*
Honorable Larry Alan Burns
United States District Judge